## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ERNESTO QUINTERO,
          Plaintiff,

v.                                                        CIV No. 09-855 LH/ACT

LEPRINO FOODS COMPANY,
THE NEW YORK BLOWER,
INDUSTRIAL ACCESSORY COMPANY,
NORTHLAND PROCESSING PIPING, INC.,
and AIRCORP, INC.
          Defendants.

and

LEPRINO FOODS COMPANY,
          Third-Party Plaintiff,

v.

TEXAS STATE INSULATION,
          Third-Party Defendant/Third-Party Plaintiff,

v.

GOLD KEY, INC., individually and d/b/a GOLD KEY INSURANCE, and
ATLANTIC CASUALTY INSURANCE COMPANY,
          Third-Party Defendants.

and

ATLANTIC CASUALTY INSURANCE COMPANY,
          Counter-Plaintiff/Third-Party Plaintiff,

v.

TEXAS STATE INSULATION, RAFAEL RAMOS, JR.,
ERNEST QUINTERO, and LEPRINO FOODS COMPANY,
          Counter-Defendant/Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Third-Party Defendant Gold Key, Inc.'s

Motion to Sever Pursuant to Federal Rule of Civil Procedure 21 ("motion to sever") (Doc. 170). In its motion, Gold Key seeks severance of Texas State Insulation's ("TSI's") claims against it from the remainder of the claims pending in this case.  Defendant Leprino Foods Company ("Leprino") opposes the severance and has filed a response in opposition.  (Doc. 183).  Gold Key represents that Plaintiff Ernesto Quintero ("Quintero"), Defendant The New York Blower ("New York Blower"), and Defendant Industrial Accessory Company ("IAC") do not oppose severance. (Doc. 170, at 10.)  Defendant Atlantic Casualty Insurance Company ("ACIC") has submitted a response to Gold Key's motion to sever, indicating that it does not oppose severance if all claims concerning insurance-related issues are severed, rather than only claims against Gold Key. (Doc. 179.)  According to Gold Key, Third-Party Plaintiff/Defendant TSI likewise does not oppose severance if all insurance-related claims are severed.  (Doc. 170, at 10.)

In its motion to sever, Gold Key suggests that, other than the requests for declaratory relief concerning coverage of the ACIC policy, there are no common questions of law or fact between TSI's claims against Gold Key and the other pending claims in the case.  It also argues that "settlement of all claims for all of the parties involved will be promoted with severance because any severance will greatly reduce the cost of responding to discovery requests and motions, attending depositions, and otherwise conferring with counsel of record regarding matters that are ancillary to pending claims against the respective parties."  (Doc.  170, at 8.)

Leprino, in opposition to Gold Key's motion to sever, argues that TSI's claims against Gold Key are derivative of Leprino's claims against TSI and therefore of Plaintiff's claims against Leprino.  (Doc. 183, at 3.)  Leprino argues that severance of Gold Key will complicate the litigation and be less efficient.  (*Id*. at 4.)  Additionally, it claims that Gold Key's participation in the settlement conference is essential to fruitful negotiations, as TSI will likely

2

look to Gold Key for contribution to the settlement of the claims asserted by Leprino against TSI.  (*Id.* at 3.)

The Court has broad discretion in deciding whether to sever a claim under Fed. R. Civ. P. 21.  *See, e.g., Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).  "Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation.  When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic."  *United States of America v. Edelman*, 06cv1216 WPJ/RLP (D.N.M. Jan. 28, 2010) (quoting *Tab Express Int'l v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003)).

Presently, there are three basic types of claims involved in this action: 1) products liability and premises liability claims; 2) insurance coverage claims; and 3) insurance procurement claims.  The Court is sensitive to the predicament of the parties involved in only the insurance coverage claims or insurance procurement claims, including Gold Key, given the time and expense that they would necessarily expend to involve themselves with issues ancillary to the claims they are asserting and/or defending.   For instance, discovery and pre-trial motions related to the design, manufacture, sale, and installation of the subject exhaust fan have little to do with the insurance coverage and insurance procurement claims.  Yet Gold Key's counsel, as well as counsel for ACIC and Rafael Ramos ("Ramos"), would have to involve themselves in these ancillary matters through their participation in the litigation of this case.  The Court concludes that severance will serve the convenience of the parties and the Court, avoid prejudice, and minimize expense to the parties.

The Court declines, however, to grant Gold Key's request to sever only the claims

3

asserted against it, as the insurance procurement claims asserted against Gold Key are inextricably intertwined with the issue of coverage under the ACIC policy.  Rather, given the common questions of law and fact in the insurance coverage claims and the insurance procurement claims, the Court concludes that the better course is to sever *all* insurance-related claims from the present litigation.  In order to facilitate settlement efforts, though, the severance of these claims shall be conditioned upon any Settlement Conference conducted by the Honorable Alan C. Torgerson being a joint Settlement Conference, which includes those parties asserting and defending insurance-related claims as well as those parties asserting and defending products liability and premises liability claims.

Consequently, the following insurance-related claims will be severed from this litigation and will proceed as a discrete, independent action, with the exception of a joint settlement conference:  1) Leprino's third-party claim for breach of contract against TSI (Doc. 23); 2) TSI's third-party claims against Gold Key and ACIC regarding the procurement of insurance (Doc. 42); 3) Leprino's counterclaim for declaratory judgment against ACIC (Doc. 99); 4) ACIC's counterclaim for declaratory judgment against TSI (Doc. 106); and 5) ACIC's third-party claim for declaratory judgment against Plaintiff, Leprino, and Ramos (Doc. 106).   The following parties will be party to the severed action:  Leprino, TSI, ACIC, Gold Key, ACIC, Quintero, and Ramos.

The present case, 09cv855, will maintain the following claims: 1) Plaintiff's products liability and premises liability claims against Leprino, New York Blower, IAC, Northland Process Piping, Inc. ("Northland"), and Aircorp, Inc. ("Aircorp") (Doc. 189); 2) Leprino's third-party claim for contractual indemnification against TSI (Doc. 23); and 3) IAC's cross-claim for indemnification from New York Blower (Doc. 81).  The following parties will remain parties of

4

case number 09cv855: Quintero, Leprino, New York Blower, IAC, Northland, Aircorp, and TSI.

The Honorable Alan C. Torgerson has taken under advisement a Joint Motion to Extend Deadlines of the Court's June 17, 2010 Order Amending Discovery Plan and Case Management Deadlines until such time as appearances have been entered for two recently-added parties, Northland and Aircorp.  (Doc. 191.)  Once appearances have been entered for these parties, Judge Torgerson shall establish appropriate case management deadlines in each of the parallel proceedings and shall schedule a date for a Joint Rule 16 Settlement Conference.

**IT IS THEREFORE ORDERED** that Gold Key's motion to sever (Doc. 170) is **granted**, but that, additionally, **all other insurance-related claims are also severed** from the present litigation.

**IT IS FURTHER ORDERED** that the Clerk of the Court will assign one new case number to the collectively severed claims, with the assignment of the same judges as in this case.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE